IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LISA JONES,

    Plaintiff,                                      Case No.: 3:14-cv-131

vs.

COMMISSIONER                            Magistrate Judge Michael J. Newman
OF SOCIAL SECURITY,                  (Consent Case)

    Defendant.

---

**ORDER AND ENTRY: (1) DENYING AS MOOT PLAINTIFF'S MOTION FOR FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT ("EAJA") (DOC. 17); (2) APPROVING THE PARTIES' JOINT STIPULATION FOR EAJA FEES (DOC. 18); AND (3) AWARDING EAJA FEES IN THE AMOUNT OF $2,900.00**

---

This consent case, a Social Security disability benefits appeal, is before the Court on the parties' joint stipulation in which they agree that Plaintiff should be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $2,900.00.  Doc. 18.  EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).  A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).  EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

The Court previously found the ALJ's non-disability finding unsupported by substantial evidence and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C.

§ 405(g) an immediate award of benefits. Doc. 15. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes and, therefore, is entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02. Having reviewed the timesheet entries submitted by Plaintiff's counsel, *see* doc. 18-1 at PageID 979, and considering the nature of the work counsel performed in this case, the Court finds both the hourly fee and the time expended reasonable. Accordingly, Plaintiff is entitled to an EAJA fee award in the stipulated amount of $2,900.00.

Accordingly, based on the foregoing, the Court: (1) **APPROVES** the parties' joint stipulation for an EAJA fee award (doc. 18); (2) **GRANTS** Plaintiff EAJA fees in the amount of $2,900.00; and (3) **DENIES AS MOOT** Plaintiff's separate motion for attorney's fees under EAJA (doc. 17). As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

    **IT IS SO ORDERED.**

Date: September 21, 2015          *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge